**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**THOMAS LAMBERT,**

      **Plaintiff,**

**v.**                                                 **Case No.  8:04-cv-608-T-30TBM**

**MONACO COACH CORPORATION,
et al.,**

      **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion and Memorandum of Law to Strike Defendants' Experts' Reports and Exclude Their Testimony** (Doc. 53). By his motion, Plaintiff seeks an Order excluding as evidence the reports and testimony of Defendants' expert witnesses, Tom Fribley and Tom Bailey. As grounds, Plaintiff argues that these experts inspected the subject vehicle on September 2, 2004, without his consent or knowledge, in violation of Florida's Lemon Law, Florida Statutes section 681.103(4), and Florida's Motor Vehicle Repair Act, section 559.902(8); and thus trespassed in violation of section 810.08(1), (2)(a). Additionally, Plaintiff moves for leave for his expert witness to re-inspect the vehicle. In their response (Doc. 56), Defendants contend that the inspection was performed with Plaintiff's knowledge and permission, after he delivered the subject vehicle to Monaco's service facility in Wildwood, Florida, for inspection and repair of the RV. By Defendants' argument, this bailment relationship defeats the Plaintiff's claims of unlawful inspection of the vehicle. Additionally, Defendants note that Plaintiff took the depositions of

these experts on April 7 and 15, 2005, and the discovery and dispositive motion deadlines have passed.[1]

The pleadings reveal that Plaintiff delivered the RV to the Monaco service facility in August 2004[2] to have the vehicle inspected and repaired. Defendants' argument that this constituted knowledge and permission for the Defendants' experts to inspect the vehicle for purposes of defending this litigation is highly specious. The court is wholly unconvinced by Defendants' effort to equate Plaintiff's request for inspection/repair by Monaco service technicians with Plaintiff's permission for inspection of the vehicle by Defendants' experts. Defendants clearly failed to comply with the requirements of Rule 34 of the Federal Rules of Civil Procedure, which governs inspection of property in the course of discovery. This rule provides in pertinent part:

> Any party may serve on any other party a request . . . to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; . . .
> This request shall set forth . . . the items to be inspected and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. . . . The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which even the reasons for the objection shall be stated.

---

[1] Defendants' motions for summary judgment (Doc. 45, 49) are currently pending before the court.

[2] Although Plaintiff states in his affidavit that he delivered the RV for service on August 13, 2004, see (Doc. 53, Ex.1 at ¶ 3), he testified in his deposition that he actually delivered the RV on August 30, 3004. See (Doc. 56 at 2).

2

Fed. R. Civ. P. 34(a), (b). Defendants by-passed this procedure completely and thus deprived Plaintiff of an opportunity to raise objections prior to the inspection or to attend and observe the inspection.

Notwithstanding the impropriety of Defendants' conduct, Plaintiff advises that he learned of the inspection in February 2005, yet he waited until the end of April 2005 to file the instant motion. Additionally, Plaintiff's own expert has inspected the vehicle, Plaintiff has deposed Mr. Fribley and Mr. Bailey, and Plaintiff has filed his responses (Docs. 50, 51) to Defendants' motions for summary judgment. In these circumstances, Plaintiff has failed to demonstrate prejudice that would warrant the harsh remedy of striking Defendants' expert reports or excluding their testimony at trial.[3] Plaintiff has also failed to demonstrate the need for his expert to re-inspect the vehicle, particularly at this late stage of litigation.

Accordingly, it is **ORDERED** that **Plaintiff's Motion and Memorandum of Law to Strike Defendants' Experts' Reports and Exclude Their Testimony** (Doc. 53) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 5th day of May 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[3] Significantly, the Plaintiff does not demonstrate that the inspection by the experts was otherwise objectionable or carried out in an improper manner.