## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**THOMAS LAMBERT,**

      **Plaintiff,**

**v.**                             **Case No.  8:04-cv-608-T-30TBM**

**MONACO COACH CORPORATION,**
**et al.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Monaco Coach Corporation's Motion for Summary Final Judgment, and Combined Memorandum of Law (Dkt. # 45); Plaintiff's Memorandum in Response to Defendant Monaco's Motion for Summary Judgment (Dkt. # 50); Defendant, Lazy Days' RV Center, Inc.'s Motion for Summary Final Judgment, and Combined Memorandum of Law (Dkt. # 49), and Plaintiff's Response to Motion of Defendant Lazy Days for Summary Judgment (Dkt. # 51).  The Court, having considered the motions and memoranda, and being otherwise fully advised, finds that the motions should be granted in part and denied in part.

## BACKGROUND

This action arises out of the Plaintiff's purchase of a new 2002 Beaver Marquis mobile coach (the "Coach") from Defendant Lazy Days RV Center, Inc. ("Lazy Days").

Plaintiff's Coach was manufactured and warrantied by Defendant Monaco Coach Corporation ("Monaco").

In late August or early September of 2002, Plaintiff traveled to Lazy Days to purchase a new coach. Plaintiff put a deposit down on a new 2002 Beaver Marquis coach. Prior to making the deposit, Plaintiff inspected the Coach and created a list of problems that required repair with Lazy Days' representative Ken Schielka and Monaco's on-site representative Adam Gudger.

Approximately thirty (30) days later, Lazy Days advised Plaintiff that the Coach was ready for delivery. On September 27, 2002, Plaintiff arrived at Lazy Days to take possession of the Coach. At that time, he reinspected the Coach and discovered that the majority of the prior problems had not been corrected. Plaintiff informed Lazy Days that he no longer wanted to purchase the Coach and that he wanted his deposit back. Ken Schielka, Adam Gudger and Joe Zurbach, Monaco's national sales manager, assured Plaintiff that the items would be corrected and offered to take the Coach to Monaco's Factory Service Center in Leesburg, Florida. Plaintiff agreed to Lazy Days and Monaco's offer and proceeded with his purchase of the Coach.

On September 28, 2002, he received a letter on Lazy Days letterhead, signed by Ken Schielka, stating that twenty-six (26) items on the Coach would be repaired or replaced at the Monaco Factory Service Center. That same day, Plaintiff signed a Buyers Order finalizing

the sale and took delivery of the Coach.[1]  Plaintiff experienced repeated problems with the

Coach after he took delivery and after it underwent repairs at the Factory Service Center.

During the next year and a half, there were frequent mechanical problems with the Coach.

Plaintiff's Complaint alleges that the Coach has spent 134 days undergoing repairs.

Plaintiff filed suit in the Thirteenth Judicial Circuit against Lazy Days and Monaco

on February 13, 2004.  Defendants timely removed the Complaint to this Court on March 23,

2004. Plaintiff's Complaint alleges causes of action for breach of warranty and revocation

of acceptance under the Magnuson Moss Warranty Act and Florida Law.  Lazy Days and

Monaco have both moved for summary judgment on all of Plaintiff's claims.

## <u>SUMMARY JUDGMENT STANDARD</u>

Motions for summary judgment should only be granted when the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits,

show there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law.  Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

322 (1986).  The existence of some factual disputes between the litigants will not defeat an

otherwise properly supported summary judgment motion; "the requirement is that there be

no *genuine* issue of *material* fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248

(1986)(emphasis in original).  The substantive law applicable to the claimed causes of action

will identify which facts are material.  <u>Id.</u>  Throughout this analysis, the judge must examine

---

[1]  Plaintiff received the letter from Ken Schielka prior to executing the Buyers Order
(Plaintiff's Deposition, p. 79).

the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.   The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983).  A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990).   However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## LEGAL ANALYSIS

## I.      Count I - Breach of Express Warranty

Count I alleges a breach of express warranty cause of action against Monaco.  Plaintiff alleges that Monaco breached both the limited warranties it provided.  Plaintiff also asserts

that Monaco violated Florida's statutory warranties.

Monaco has moved for summary judgment on Count I on the ground that its written warranties were not part of Plaintiff's "basis of the bargain." Monaco argues that because Plaintiff received his copy of the two Monaco written warranties after the purchase, they did not become part of Plaintiff's "basis of the bargain." In support of its position, Monaco cites to Griffis v. Leisure Tyme RV, Inc., et al., 9 Fla. L. Weekly Supp. 832 (Fla. 1st Cir. Ct. 2002), aff'd in part and rev'd in part per curiam, 884 So.2d 241 (Fla. 1st DCA 2004). In Griffis, the trial court granted summary judgment against the plaintiffs on the grounds that the plaintiffs did not receive the warranty "as part of this sale, then the warranty itself was not part of the "basis of their bargain." 9 Fla. L.Weekly Supp. 832, at p. 2. However, the First District Court of Appeal reversed the trial court's holding, finding that there were genuine issues of material fact as to whether the dealer's representations on a pre-delivery inspection for were part of the basis of the parties' bargain. Griffis, 884 So.2d at 242-43.

In this case, Plaintiff has submitted an affidavit stating that he was aware of Monaco's warranties at the time of the sale and that it was an important factor in his purchase of the Coach. (Plaintiff's Affidavit, ¶ 9). Moreover, although Plaintiff did not receive his copy of the warranties until after he took delivery of the Coach, he did receive indications that the warranties existed at the time of the sale. On the day of the sale, Plaintiff completed a document entitled "Monaco Coach Corporation Motorized Warranty Registration Form." This form clearly references Monaco's limited warranty and states that the form must be received within fifteen (15) days from delivery to validate the warranty. Plaintiff also

received assurances at the time of the sale from Joe Serbok, Monaco's national sales manager, and Adam Gudger, Monaco's representative at Lazy Days, that Monaco would rectify Plaintiff's concerns with the Coach (Plaintiff's Deposition, p. 108). Accordingly, the Court finds that there are genuine issues of material fact as to whether Monaco's written warranties were part of Plaintiff's "basis of the bargain."

Monaco has also moved for summary judgment on the issue of Plaintiff's damages. Monaco asserts that Plaintiff has failed to present any evidence quantifying the amount of his damages. The Court finds that Monaco is not entitled to summary judgment on the issue of damages. However, Plaintiff must offer more than his own testimony to establish the amount of his damages (if any) at trial of this matter. [2]

## II.     Count II - Revocation of Acceptance Against Lazy Days

Count II asserts a cause of action for revocation of acceptance against Lazy Days. Lazy Days has moved for summary judgment on the grounds that the terms of the Buyers Order excluded any and all warranties from Lazy Days. The Buyers Order also specifically excluded the remedies of revocation of acceptance and rescission. Lazy Days also asserts that it did not provide any warranties for the Plaintiff's coach and therefore there is no legal basis for Plaintiff's claim.

Plaintiff argues that Lazy Days' disclaimer of the warranties was not conspicuous as required by Florida law. Plaintiff also asserts that the September 28, 2002, letter from Ken

---

[2] The Court also notes that Plaintiff is not entitled to recover emotional or mental damages for his breach of warranty claims.

Schielka constituted a written warranty issued by Lazy Days.  Finally, Plaintiff argues that Lazy Days may not disclaim the warranty created by Florida Statutes § 320.835.

Section 672.316 provides that "[t]o exclude or modify the implied warranty of merchantability, or any part of it, the language must mention merchantability and in case of a writing must be conspicuous."  Section 671.201(10), Florida Statutes, states:

> A term or clause is 'conspicuous' when it is so written that a reasonable person against whom it is to operate ought to have noticed it.  A printed heading in capitals (as: NONNEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is conspicuous if it is in larger or contrasting type or color .  .   . . Whether a term or clause is conspicuous or not is for decision by the court.

The Court, having reviewed the warranty exclusions contained in the Buyers Order, finds that they are conspicuous.  The exclusions contained in paragraphs nine (9) and eleven (11) were printed in all capitals and were underlined.  They were the only two sections that were printed in all capitals and were underlined.  Moreover, the exclusions were under the headings of "EXCLUSIONS OF WARRANTIES" (paragraph 9) and "MANUFACTURERS WARRANTIES" (paragraph 11).   The Buyers Order clauses containing Lazy Days' disclaimers of the warranties clearly satisfies the requirements of § 671.201(1).

Plaintiff's argument that Lazy Days cannot disclaim the statutory warranty created by § 320.835 is without merit.  Section 320.835(2)(a) provides that Lazy Days must warrant any modifications or alterations that it made to Plaintiff's coach.  However, none of Plaintiff's claims are based on any modifications or alterations Lazy Days made to the coach. Moreover, § 320.835(2)(b) and (c)'s warranties apply only to mobile homes and not to

recreational vehicles like Plaintiff's Coach.

However, the Court finds that the September 28, 2002, letter from Ken Schielka constituted a written warranty. The letter would have modified the Buyers Order if it had been received after Plaintiff signed the Buyers Order, but since the letter was executed before the Buyers Order, there appears to be a mutual mistake of fact. The Buyers Order stated that all warranties were excluded from the transaction. The Buyers Order also stated there were no warranties or representations made by Lazy Days to Plaintiff that were not included in the written Buyers Order. But Lazy Days had just provided Plaintiff with an express warranty guarantying that it would correct twenty-six (26) specific items on the coach.[3] However, there is nothing pending before this Court to modify Plaintiff's claim or bring a claim based on mutual mistake of fact. Accordingly, Count II is dismissed without prejudice. Plaintiff needs to file the appropriate motion if he would like to amend the complaint to seek reformation.

## III.    Count III - Magnuson Moss Warranty Act

Monaco has moved for summary judgment on Plaintiff's claims brought pursuant to the Magnuson Moss Warranty Act on the same grounds it asserted with regard to Count I. The Court denies Monaco's motion for the reasons stated under Count I above. However, the Court notes that remedies contained in § 2304 of the Act, including a refund of the purchase price, are unavailable to Plaintiff because Monaco's warranty was a "limited" and

---

[3] This warranty is limited to the enumerated twenty-six (26) items and would not entitle Plaintiff to a refund of the purchase price of the Coach.

not a "full" warranty.  See <u>MacKenzie v. Chrysler Corp.</u>, 607 F.2d 1162, 1166 n.7 (5th Cir. 1979)(remedies in 15 U.S.C. § 2304 are applicable only to "full" warranties );[4] <u>Schimmer v. Jaguar Cars, Inc.</u>, 384 F.3d 402, 405 (7th Cir. 2004)("limited" warranty not subject to § 2304 or the Act's substantive remedies, including a refund of the purchase price); <u>Milicevic v. Fletcher Jones Imports, Ltd.</u>, 402 F.3d 912, 919 n. 4 (9th Cir. 2004)(§ 2304 applies to "full," not "limited" warranties).

## IV.     Counts IV and V - Florida's Lemon Law

Counts IV and V of Plaintiff's Complaint alleges causes of action under Florida's Lemon Law.  Under Florida's Lemon Law, a consumer must first submit a claim to the RV Mediation and Arbitration Program (the "RV MAP") before filing suit.  See <u>Chrysler Corp. v. Pitsirelos</u>, 721 So.2d 710, 712 (Fla. 1998)("An application for arbitration by the Arbitration Board is a precondition to the consumer filing a court action predicated on the Lemon Law."); <u>General Motors Corp. v. Neu</u>, 617 So.2d 406, 407-08 (Fla. 4th DCA 1993) (§ 681.1095(4) requires the consumer to submit a claim to the division and to the board if eligible for arbitration before filing suit).  There is an exception to the presuit requirements where "a refund or replacement is not an option." <u>King v. King Motor Co. of Ft. Lauderdale</u>, 780 So.2d 937, 941 (Fla. 4th DCA 2001); <u>see also</u> <u>Ford Motor Co. v. Ward</u>, 577 So.2d 641, 642 (Fla. 4th DCA 1991)(consumer not required to exhaust arbitration proceedings before

---

[4] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court.  <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<i>en banc</i>).

filing suit where dealer made it impossible for consumer to arbitrate).[5]

The exception to the presuit arbitration requirements does not apply to Plaintiff's action. Plaintiff argues that a consumer is only required to file a claim with the RV MAP when he or she seeks the remedy of "repurchase" or "replacement." Plaintiff's argument is contrary to the case law and the plain language of his Complaint. In King, the court held that a consumer could forego the presuit requirements where a refund or replacement was **not an option;** the court did not hold that the consumer could simply choose to bypass the requirement by not seeking certain remedies.[6] Moreover, Plaintiff's Complaint specifically prays for the "return of the subject vehicle and refund of Plaintiff's purchase price" (Counts II & III). Accordingly, Defendant Monaco is entitled to summary judgment on Counts IV and V of the Complaint. See Ames v. Winnebago Industries, Inc. et al, No. 5:04-cv-359-Oc-10GRJ, Dkt. 19 (M.D.Fla. Jan. 19, 2005)(order granting in part and denying in part motion to dismiss).

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Monaco Coach Corporation's Motion for Summary Final Judgment, and Combined Memorandum of Law (Dkt. # 45) is GRANTED IN PART AND DENIED IN PART as stated herein.

---

[5] Federal courts applying Florida law are bound to adhere to decisions of Florida's District Courts of Appeal absent some indication that the Florida Supreme Court would decide the issue otherwise. Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983).

[6] In King, a refund or repurchase was not an option because the Plaintiff's vehicle had been repossessed.

2.      Defendant, Lazy Days' RV Center, Inc.'s Motion for Summary Final

Judgment, and Combined Memorandum of Law (Dkt. # 49) is DENIED.

3.      Count II of the Complaint is dismissed without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-608.msj.wpd