**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS LAMBERT,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　Case No.  8:04-cv-608-T-30TBM

**MONACO COACH CORPORATION, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the following:

1. Defendants' Motion to Dismiss Amended Complaint and Combined Memorandum of Law in Support (Dkt. # 70);

2. Defendant Lazy Days' Motion to Strike Plaintiff's Demand for Jury Trial and Supporting Memorandum of Law (Dkt. # 72);

3. Defendant Monaco's Motion to Strike Plaintiff's Demand for Jury Trial and Supporting Memorandum of Law (Dkt. # 74);

4. Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint (Dkt. # 76);

5. Plaintiff's Motion to Remand (Dkt. # 78);

6. Defendant's Response in Opposition to Plaintiffs' Belated Motion to Remand (Dkt. # 79).

The Court, having considered the motions and memoranda, and being otherwise fully advised, finds that Defendants' motion to dismiss should be denied and that this case should proceed to trial in this Court without a jury.  Plaintiff waived his right to a jury trial when he signed the Buyers Order for the Beaver Marquis mobile coach.  Defendants' timely asserted their right to a bench trial by including requests to strike Plaintiff's demand for jury trial in their answers to the original complaint.

Plaintiff's motion to remand is denied.  Plaintiff's motion was not timely filed and although the Buyers Order requires that any lawsuit be filed in Hillsborough County, the Buyers Order does not preclude removal to federal court.[1]

Finally, the Court notes that Plaintiff may not obtain the remedies of revocation of acceptance, rescission, or refund of the purchase price against the Defendants.  As the Court noted in its Order on Defendants' motions for summary judgment (Dkt. # 63), the Buyers Order specifically excluded the remedies of revocation of acceptance and rescission.  The Court also found that Plaintiff may not obtain the remedies contained in § 2304 of the Magnuson Moss Warranty Act, including refund of the purchase price, because Defendant Monaco's warranty was a "limited" and not a "full" warranty.  Therefore, Plaintiff's remaining claims are limited to potentially recovery damages from Lazy Days for the twenty-six (26) items contained in the September 28, 2002, letter from Ken Schielka, and from Monaco for breach of its warranties and violation of the Magnuson Moss Warranty Act.

---

[1] The Buyers Order also does not specifically require that any lawsuit be filed in state court.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Amended Complaint, and Combined Memorandum of Law in Support (Dkt. # 70) is DENIED. Defendants shall file and answer to the Amended Complaint within eleven (11) days of the date of this Order.

2. Defendant Lazy Days' Motion to Strike Plaintiff's Demand for Jury Trial and Supporting Memorandum of Law (Dkt. # 72) is GRANTED.

3. Defendant Monaco's Motion to Strike Plaintiff's Demand for Jury Trial and Supporting Memorandum of Law (Dkt. # 74) is GRANTED.

4. Plaintiff's Motion to Remand (Dkt. # 78) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2005.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-608.mtd2.wpd